FILED
2015 Aug-27  AM 07:31
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **KENNETH WHITE,** | ) | |
| | ) | |
| **Plaintiff**, | ) | |
| | ) | |
| **v.** | ) | **Civil Action Number** |
| | ) | **2:14-cv-01968-AKK** |
| **MIDLAND FUNDING, LLC, and** | ) | |
| **MIDLAND CREDIT** | ) | |
| **MANAGEMENT, INC.,** | ) | |
| | | |
| **Defendants**. | | |

### MEMORANDUM OPINION

Plaintiff Kenneth White brings this action against Midland Funding, LLC, and Midland Credit Management, Inc. (collectively "Midland") alleging eight separate violations of the Fair Debt Control Practices Act (the "FDCPA"), 15 U.S.C. § 1692, *et seq.*, and four Alabama common law torts, which White claims Midland committed when it filed a collections suit against White regarding a debt he contends he either did not owe or was time-barred and falsely reported the debt to credit reporting agencies. Doc. 1. Midland moves to dismiss four of White's FDCPA claims, as well as his state law claim for invasion of privacy, doc. 7, and

the motion is fully briefed and ripe for review, *id*.; docs. 13 and 14. For the reasons explained below, Midland's motion is due to be granted as to White's 1692f, 1692f(1) invasion of privacy claim, and due to be denied as to her § 1692d and § 1692e(5) claims.

## I. LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient. *Iqbal*, 556 U.S. at 678 (citations and internal quotation marks omitted). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (citing *Bell Atl. Corp.*, 550 U.S. at 557).

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when a complaint fails to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678

(citations omitted) (internal quotation marks omitted).  A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted).  The complaint must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Bell Atl. Corp.*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level.").  Ultimately, this inquiry is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## II. FACTUAL BACKGROUND[1]

The defendants are debt collection firms. Doc. 1 at 3. More specifically, Midland Funding, LLC, purchases defaulted consumer debt, then assigns all collection activities for the defaulted debt, including credit reporting, to Midland Credit Management, Inc. *Id*. at 4.

The facts giving rise to this case reflect a growing trend in the debt

---

[1] In ruling on a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), "[a]ll facts set forth in a plaintiff's complaint are to be accepted as true." *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1320 (11th Cir. 2006) (citing *Oxford Asset Mgmt. Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002)).

collection and credit reporting industries.[2] *Id*. After allegedly[3] purchasing a defaulted debt, a debt buyer files a collection action against the debtor. *Id*. Typically, the debtor fails to file an answer or otherwise respond to the collection action, and the debt buyer obtains a default judgment. *Id*. at 5. Debt buyers count on this probability because they have no intention of or ability to prove their case against debtors. *Id*.

Midland filed a collection action against White in Jefferson County, Alabama small claims court on March 4, 2014 to collect a $5,394.57 debt, even though Midland knew it did not own the debt, knew that White did not owe the debt, and knew or should have known that the statute of limitations on an action to collect the debt had run. *Id*. at 8–9. Contrary to the Midland's expectations, White filed an answer denying the complaint's allegations. *Id*. at 10. At trial, Midland

---

[2] White's contention that collection suits like the one on which she bases her claims are a growing trend is supported by the fact that this is the fifth occasion within recent months that this court has ruled upon a motion to dismiss by Midland raising arguments that are virtually identical to those raised here. *See Taylor v. Midland Funding, LLC*, 2:14-cv-00854-SGC, doc. 39 (N.D. Ala. Aug. 6, 2015); *Ferrell v. Midland Funding, LLC*, 2:15-cv-00126-JHE, 2015 WL 2450615 (N.D. Ala. May 22, 2015); *Dial v. Midland Funding, LLC*, 2:14-cv-00663-WMA, 2015 WL 751690 (N.D. Ala. Feb. 23, 2015); *Foster v. Midland Funding, LLC*, 2:14-cv-00662-MHH, doc. 26 (N.D. Ala. Jan. 22, 2015).

[3] Although debt buyers will contend that they have accurate records concerning the debts they have purchased, this is often not the case, and purchase agreements between the original creditor and the first debt buyer state that there is no promise or representation as to the accuracy of the information sold to the first debt buyer. Doc. 1 at 4. Consequently, the first debt buyer cannot represent greater accuracy to subsequent debt buyers. *Id.*

filed a motion dismissing the case. *Id*. at 13.

In addition to commencing the collection action described above, Midland also attempted to force White to settle the debt by reporting it to consumer reporting agencies before, during, and after the collection action, even though Midland knew White did not owe the debt. *Id*. at 13.

## III. ANALYSIS

Midland moves to dismiss White's claims brought pursuant to 15 U.S.C. §§ 1692d, 1692e(5), and 1692f and 1692f(1) as well as White's state law invasion of privacy claim. Doc. 7. The court will address each claim in turn.

### A. White's § 1692d claim

Midland moves to dismiss Count I of the complaint, which alleges that it violated 15 U.S.C. § 1692d. Section 1692d provides that "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." In his complaint, White alleges that Midland sued him to collect a debt it knew he did not owe, it did not own, and was time-barred solely in hopes of obtaining a default judgment.

Midland argues that the court should dismiss the 1692d claim primarily because they simply filed a collections suit, which is not actionable under § 1692d. Doc. 7 at 2–7. Midland has made this argument before nearly every judge of this

district, including the undersigned, and its position has been unanimously rejected. *See Ferrell v. Midland Funding, LLC*, 2:15-cv-00126-JHE, 2015 WL 2450615, at *3 (N.D. Ala. May 22, 2015); *Dial v. Midland Funding, LLC*, 2:14-cv-00663-WMA, 2015 WL 751690, at *1 (N.D. Ala. Feb. 23, 2015); *Foster v. Midland Funding, LLC*, 2:14-cv-00662-MHH, doc. 26 (N.D. Ala. Jan. 22, 2015); *Gamble v. Midland Funding, LLC*, No. 2:12-cv-4186-AKK, 2013 WL 979202, at *2 (N.D. Ala. Mar. 7, 2013); *Vinson v. Midland Funding, LLC*, No. 2:12-cv-4187-VEH, 2013 WL 625111, at *2 (N.D. Ala. Feb. 20, 2013); *Wood v. Midland Funding, LLC*, No. 2:12-cv-2703-KOB, 2013 WL 360146, at *3 (N.D. Ala. Jan. 29, 2013); *Morgan v. Midland Funding,* LLC, No. 2:12-cv-3846-RDP, doc. 12 at 2 (N.D. Ala. Jan. 4, 2013)*; Millican v. Midland Funding, LLC*, No. 4:09-cv-1206-JEO, doc 14 at 7–8 (N.D. Ala. Dec. 2, 2009). The undersigned maintains his previous position, and finds here that White has alleged additional conduct besides the mere filing of a lawsuit—primarily that, for multiple reasons, the defendants knew the lawsuit they filed against White was baseless when they filed it. Filing a baseless lawsuit is qualitatively different than filing a collections suit on a valid debt, and could reasonably be expected to harass, oppress, or abuse White. Consequently, White's allegations are sufficient to sustain a 1692d claim.

Midland's other contentions regarding the 1692d claim are also unavailing.

First, Midland cherry picks language from White's complaint and claims that White has failed to allege that Midland knew he did not owe the debt before filing the collection action. Doc. 14 at 3 (quoting doc. 1 at 6) ("Midland knows that losing its cases means under Alabama law that the debt is not owed by the consumer to the debt buyer."). This plainly ignores White's clear contention that Midland filed suit against him knowing he did not owe the debt. *See, e.g.*, doc. 1 at 9 ("Defendant Midland knew Plaintiff did not owe the debt sued on."). Nor are White allegations conclusory. They are as specific as can be expected of a plaintiff who, without benefit of discovery, pleads the defendant's mental state. White will of course later need to prove the allegations, but the court will impose no further burden on him at this stage.[4]

Next, Midland argues that White does not allege sufficient facts to show that the state-court action was time-barred because he does not allege when the claim accrued or the applicable statute of limitations. Doc. 14 at 4. Midland adds also that White suggests the applicable limitations period is three years in his

---

[4] Somewhat similarly, Midland seems to argue that the small claims court judgment in White's favor is not evidence that he did not owe the debt because the judgment was predicated simply on Midland's failure to present evidence of the debt rather than an adjudication on the merits. Doc. 14 at 3. Without commenting on the merits of Midland's argument here, it is sufficient for the court to note that "[i]n deciding a motion to dismiss under Fed. R. Civ. P. 12(b), a court must consider the legal sufficiency of the complaint, not the weight of evidence which might be offered at trial." *Sawinski v. Bill Currie Ford, Inc.*, 866 F. Supp. 1383, 1385 (M.D. Fla. 1994)).

response to Midland's motion, *id.* at 5 n. 5 (quoting doc. 13 at 1s) ("'As mentioned

by *Crawford*, the statute of limitations is [three] years. This suit was brought

beyond that time period."), but that the actual applicable limitations period is six

years, *id.* Although courts "dismiss[] complaints under Rule 12(b)(6) on statute of

limitations grounds . . . dismissal on such grounds is 'appropriate only if it is

apparent from the face of the complaint that the claim is time-barred." *Sec'y of*

*Labor v. Labbe*, 319 F. App'x 761, 764 (11th Cir. 2008) (quoting *Tello v. Dean*

*Witter Reynolds, Inc.*, 410 F.3d 1275, 1288 n. 13). For the very reasons cited by

Midland, that is not the case here, and, even were the court to find that White

failed to adequately plead that Midland's claim was time barred, that has no

bearing on his contention that he never owed the debt in question to begin with.

This leads directly to Midland's final argument regarding White's § 1692d

claim, which is that White's two positions—(1) he did not owe the debt; and (2)

the debt was time-barred—are inconsistent; either White owed the debt at some

point but Midland's claim to recover it was time barred, or he never owed the debt

and consequently Midland never had a claim to recover it. Doc. 14 at 4 n. 4.

Midland is correct that these two positions are irreconcilable. However, at the

pleading stage, "[a] party may set out [two] or more statements of a claim or

defense alternatively or hypothetically . . . . If a party makes alternative statements,

the pleading is sufficient if any one of them is sufficient." Fed. R. Civ. P. 8(d)(2).

Before moving on, the court notes that in a recent opinion, the Eleventh Circuit discussed the boundaries of a § 1692(d) claim. *See Miljkovic v. Shafritz and Dinkin, P.A.*, 791 F.3d 1291 (11th Cir. 2015). In *Miljkovic*, the court reiterated that a "debt collector's conduct must manifest 'a tone of intimidation,'" to be actionable under § 1692(d). *Id.* at 1305 (citing *Jeter v. Credit Bureau*, 760 F.2d 1168, 1179 (11th Cir. 1985)). It then concluded that an affidavit filed by a collector's attorneys, prior to discovery, disputing the debtor's claim that he was exempt from garnishment failed to exhibit the requisite tone. *Id.* at 1305–06. Here, however, absent further guidance, the court cannot say that, viewed from the perspective of the least sophisticated consumer, *see id.* at 1305, forcing a layperson to defend himself against a purportedly baseless lawsuit lacks the element of intimidation necessary to sustain a claim pursuant to § 1692(d).

In sum, because White has adequately pleaded his §1692d claim, Midland's motion to dismiss Count I of his complaint is denied.

### B. White's § 1692e(5) claim

Next, Midland moves to dismiss Count IV of the complaint, which alleges that Midland violated 15 U.S.C. § 1692e(5). Doc. 7 at 7–9. Section 1692e(5) prohibits debt collectors from using "any false, deceptive, or misleading

representation or means in connection with the collection of any debt," including

"[t]he threat to take any action that cannot legally be taken or that is not intended

to be taken." There is a sharp split among courts as to whether § 1692e(5) protects

consumers against debt collectors who actually undertake illegal action as well as

against debt collectors who merely threaten such action. Courts that have found

§ 1692e(5) to apply to both threats and completed acts have noted the "futility of a

statutory scheme that would provide *more* protection to debt collectors who

violate the law than those who merely threaten or pretend to do so," *Sprinkle v. SB*

*& C Ltd.*, 472 F. Supp. 2d 1235, 1247 (W.D. Wash. 2006), and concluded that "[i]t

simply strains credulity to believe that the FDCPA, a law that safeguards

consumers from abusive and deceptive debt collection practices by debt collectors,

would prohibit threats of illegal action but not the illegal actions themselves . . . .

To find otherwise would undermine the consumer protection goals of the

FDCPA," *Bradshaw v. Hilco Receivables, LLC*, 765 F. Supp. 2d 719, 730 (D. Md.

2011); *see also Poirier v. Alco Collections, Inc.*, 107 F.3d 347, 350–51 (5th

Cir.1997); *Collins v. Erin Capital Mgmt., LLC*, 991 F. Supp. 2d 1195, 1211–12

(S.D. Fla. 2013). Other courts have adhered to § 1692e(5)'s plain language and

have found that the section's reach is limited to threats of illegal action, and does

not apply to actual illegal acts. *See, e.g.*, *Cox v. Hilco Receivables, LLC*, 726 F.

Supp. 2d 659, 666 (N.D. Tex. 2010); *Okyere v. Palisades Collection, LLC*, 961 F. Supp. 2d 508, 519–20 (S.D.N.Y. 2013). This second group of courts have noted the deference the canons of accepted statutory interpretation afford statutes' plain meaning, that Congress could have had several potential justifications for failing to extend § 1692e(5)'s coverage to actual legal violations, such as victims' recourse to state tort law or a view of "threats as posing a distinct type of harm and requiring a specific prohibition," and that because "[e]lsewhere in the FDCPA, Congress was explicit when it intended to prohibit both threats to act and actually acting," "the language of § 1692e(5) did not result from a simple drafting error." *Dial*, 2015 WL 751690, at *3 (internal quotation marks and citations omitted).

In the absence of any definitive guidance, the court will allow White's § 1692e(5) claim to proceed for now. Consequently, as to that claim, Midland's motion is denied.

## C. White's § 1692f and § 1692f(1) claims

Lastly, at least as to White's FDCPA claims, Midland moves to dismiss Counts VII and VIII of the complaint, which allege that Midland violated 15 U.S.C. § 1692f and § 1692f(1). Doc. 7 at 10–11. Section 1692f provides that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." It contains a nonexhaustive list of conduct that violates this

dictate, including "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." § 1692f(1). Midland contends that White's § 1692f and § 1692f(1) claims are due to be dismissed because they are based on the same conduct, i.e. Midland initiating a collections suit against White that was either time-barred or that sought to recover a debt that White did not owe and Midland did not own, as White's other FDCPA claims. Doc. 7 at 11. Although several members of this court have relied on language in the Eleventh Circuit's *Crawford v. LVNV Funding, LLC* decision as a basis for findings that the same conduct may violate both § 1692f and another FDCPA provision, *see Ferrell*, 2015 WL 2450615, at *5 (citing 758 F.3d 1254, 1259 (11th Cir. 2014)); *Dial*, 2015 WL 751690, at *4 (same), in *Miljkovic*, the Eleventh Circuit explicitly ruled to the contrary, *see Miljkovic*, 791 F.3d at 1308 (upholding the dismissal of the plaintiff's § 1692f claims because he "fail[ed] to allege any conduct beyond that which he assert[ed] violate[d] the other provisions of the FDCPA, and, in doing so, . . . fail[ed] to specifically identify how [the defendants'] conduct here was either unfair or unconscionable in addition to being abusive, deceptive, or misleading") (citing *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1200 & n. 31 (11th Cir. 2010)). Consequently, Midland's motion to

dismiss Counts VII and VIII is granted.

### D. White's invasion of privacy claim

Finally, Midland  moves to dismiss Count IX of the complaint, doc. 7 at 12, which alleges that Midland is liable for the state law tort of invasion of privacy because it knowingly filed a meritless lawsuit against White and because it reported that White owed the debt to credit reporting agencies, even though it knew that was not the case, doc. 1 at 26. Midland contends that White's invasion of privacy claim is due to be dismissed because it is barred by Alabama's litigation privilege and preempted by the Fair Credit Reporting Act (the "FCRA"). Doc. 7 at 16–19. The court will examine each contention in turn.

#### 1. Alabama's litigation privilege

Under Alabama law, pertinent statements made in a judicial proceeding are absolutely privileged and cannot give rise to liability, either civil or criminal. *O'Barr v. Feist*, 296 So. 2d 152, 157 (Ala. 1974). The privilege protects even "'slanderous statements made by parties, counsel, or witnesses in the course of judicial proceedings, and . . . libelous charges in pleadings, affidavits, or other papers used in the course of the prosecution or defense of an action.'" *Id.* at 157 (quoting *Moore v. Mfr. Nat'l Bank*, 25 N.E. 1048, 1049 (N.Y. 1890)). "'However malicious the intent, or however false the charge may have been, the law, from

considerations of public policy, and to secure the unembarrassed and efficient administration of justice, denies to the defamed party any remedy through an action for libel or slander.'" *Id.* (quoting *Moore*, 25 N.E. at 1049). The privilege applies to claims of invasion of privacy. *Drees v. Turner*, 45 So. 3d 350, 358 (Ala. Civ. App. 2010).

      White attempts to save his claim by contending that it is based on Midland's filing of the meritless lawsuit, and that consequently, his claim is based on conduct, not a statement. Doc. 12 at 15–16. The court will not accept White's characterization; Midland's filing of the lawsuit is only actionable because of the statements in the complaint, which *O'Barr* explicitly protects. *See O'Barr*, 296 So. 2d at 157 (protecting "libelous pleadings"). Allowing White to assert a claim based on the conduct of filing an unlawful complaint—which must be determined by looking to the statements contained in the complaint—would effectively vitiate the privilege. Consequently, the court finds that White's allegations concerning Midland's filing of the state-court suit are protected by the litigation privilege and cannot support his invasion of privacy claim.

### 2. FCRA preemption

      Midland contends that the remainder of White's invasion of privacy claim is preempted by the FCRA. FCRA preemption of state law torts is an area of little

agreement among this district's judges.[5] However, as applied to the present matter,

the undersigned finds the resolution of the matter to be relatively straightforward.

The FCRA contains two potentially applicable preemption provisions, 15 U.S.C.

§§ 1681h(e) and 1681t(b)(1)(F). White contends that § 1681h(e) applies in the

instant case. Section 1681h(e) provides:

> Except as provided in sections 1681n and 1681o of this title, no
> consumer may bring any action or proceeding in the nature of
> defamation, invasion of privacy, or negligence with respect to the
> reporting of information against any consumer reporting agency, any
> user of information, or any person who furnishes information to a
> consumer reporting agency, based on information disclosed pursuant
> to section 1681g, 1681h, or 1681m of this title, or based on
> information disclosed by a user of a consumer report to or for a
> consumer against whom the user has taken adverse action, based in
> whole or in part on the report except as to false information furnished
> with malice or willful intent to injure such consumer.

Because White has pleaded that Midland acted with the requisite culpability, he

contends that § 1681h(e)'s exception prevents the FCRA from preempting his

invasion of privacy claim. Doc. 12 at 17–19. By its plain language, Section

1681h(e) applies to claims for invasion of privacy brought against furnishers of

credit information like Midland, but only as to "information disclosed pursuant to

section 1681g, 1681h, or 1681m" or to "information disclosed by a user of a

---

[5] For thorough overviews of the various positions adopted by members of this court, see
*Taylor*, 2:14-cv-00854-SGC, doc. 37 at 17–21; *Dial*, 2015 WL 751690, at *6–7.

consumer report." As Judge Blackburn and Judge Acker have noted, "'[t]he three sections covered by § 1681h(e) — 1681g, 1681h, and 1681m — regulate disclosures **to consumers** and duties of **users** of information. These sections do not concern a **furnisher's** duties of reporting and investigation.'" *Dial*, 2015 WL 751690, at *7 (alterations and emphasis in *Dial*) (quoting *Schlueter v. BellSouth Tellecoms.*, 770 F. Supp. 2d 1204, 1209 (N.D. Ala. 2010)). Here, White only alleges that Midland furnished the information to consumer reporting agencies; he does not allege that Midland disclosed the information to consumers or otherwise used it. Consequently, in the present context § 1681h(e), by its plain language, does not apply to Midland.[6]

Turning to the FCRA's other potentially applicable preemption provision, § 1681t(b)(1)(F) provides: "No requirement or prohibition may be imposed under the laws of any State with respect to any subject matter regulated under section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies . . . ." Section 1681s-2, which is entitled "Responsibilities of furnishers of information to consumer reporting

---

[6] The undersigned recognizes that this position is at odds with *Gamble v. Midland Funding, LLC*, in which, at the pleading stage, when presented with similar facts, the undersigned found § 1681h(e) excluded the plaintiff's invasion of privacy claim from FCRA preemption. *See* No. 2:12-cv-04186-AKK, 2013 WL 979202, at *2 (N.D. Ala. Mar. 7, 2013).

agencies," provides, in relevant part that "[a] person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate." In other words, it directly covers the conduct for which White seeks to hold Midland liable: false credit reporting. Consequently, § 1681t(b)(1)(F) bars White's invasion of privacy claim as it relates to Midland's credit reporting.

In sum, because White's invasion of privacy claim is barred by Alabama's litigation privilege doctrine and preempted by the FCRA, Midland's motion to dismiss Count IX of the complaint is granted.

## IV. CONCLUSION

For the reasons explained fully above, Midland's motion to dismiss is granted as to Counts VII, VIII, and IX of the complaint and denied in all other respects. The court will enter a contemporaneous order consistent with this opinion.

Done this 27th day of August, 2015.

**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE